# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

GEORGE GILLAM                                                         CIVIL ACTION

VERSUS                                                                   NO. 14-2129

N. BURL CAIN, WARDEN                                          SECTION: "G"(3)

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **GRANTED**.

Petitioner, George Gillam, is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.  On November 6, 1997, he was convicted of second degree murder under Louisiana law.  On January 29, 1998, he was sentenced to a mandatory term of life imprisonment without benefit of parole, probation, or suspension of sentence.  On December 15, 1999, the Louisiana Fourth Circuit Court of Appeal affirmed his conviction and sentence.  State v. Gilliam, 748 So.2d 622 (La. App. 4th Cir. 1999).  On September 29, 2000, the Louisiana Supreme Court denied his related writ application.  State v. Gillam, 769 So.2d 1215 (La. 2000).

On June 25, 2012, the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's

prohibition on 'cruel and unusual punishments.'"   Miller v. Alabama, 132 S. Ct. 2455, 2460 (2012).

In February of 2013, petitioner filed a motion to correct illegal sentence in the state district court, arguing that his sentence was unconstitutional under Miller.[1]  That motion was granted in part and denied in part,[2] and the Louisiana Fourth Circuit Court of Appeal denied the state's related writ application challenging that judgment.[3]  However, on June 14, 2014, the Louisiana Supreme Court granted the state's related writ application and held:

> The district court's order granting respondent's Motion to Correct an Illegal Sentence is reversed.  The decision in Miller v. Alabama, 567 U.S. —, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), does not apply retroactively in respondent's case. See State v. Tate, 12-2763 (La. 11/5/13), 130 So.3d 829, cert. denied, Tate v. Louisiana, No. 13-8915, — U.S. —, 134 S.Ct. 2663, 189 L.Ed.2d 214, 2014 WL 834279 (May 27, 2014).[4]

On September 17, 2014, petitioner then filed the instant federal habeas corpus application seeking relief under Miller.[5]  The state filed a motion to dismiss, arguing that petitioner's application should be dismissed because Miller is not retroactive to cases on collateral review.[6] Petitioner opposed that motion,[7] and oral argument was held on November 5, 2014.  At that oral argument, the state noted that it is not arguing that petitioner's federal application is untimely, that his claim is unexhausted, or that his claim is procedurally barred.

---

[1] See Rec. Doc. 1-1, p. 18.

[2] Id.

[3] State v. Gilliam, No. 2013-K-0517 (La. App. 4th Cir. June 26, 2013); see Rec. Doc. 1-1, pp. 20-21.

[4] State v. Gillam, 141 So.3d 265 (La. 2014).

[5] Rec. Doc. 1.

[6] Rec. Doc. 9.  Motions to dismiss are arguably inappropriate in habeas proceedings.  See Miramontes v. Driver, 243 Fed. App'x 855, 856 (5th Cir. 2007); Odom v. West, No. 98-40159, 1999 WL 153008 (5th Cir. Feb. 25, 1999). Moreover, in the briefing order, the state was ordered to file an "answer," Rec. Doc. 7, and, as the Court indicated at the oral argument in this matter, the issue of the motion's propriety is moot if the motion is simply construed as the state's answer.  The Court hereby so construes the motion.

[7] Rec. Docs. 18, 22, and 27.

Petitioner thereafter filed an unopposed motion to stay these proceedings until such time as the United States Supreme Court issued its opinion in <u>Montgomery v. Louisiana</u>.[8]  That motion was granted.[9]  However, the stay has now been lifted,[10] because the United States Supreme Court recently issued its opinion in <u>Montgomery</u>, holding that <u>Miller</u> is in fact retroactive:

> The Court now holds that <u>Miller</u> announced a substantive rule of constitutional law.  The conclusion that <u>Miller</u> states a substantive rule comports with the principles that informed <u>Teague</u>.  <u>Teague</u> sought to balance the important goals of finality and comity with the liberty interests of those imprisoned pursuant to rules later deemed unconstitutional.  <u>Miller</u>'s conclusion that the sentence of life without parole is disproportionate for the vast majority of juvenile offenders raises a grave risk that many are being held in violation of the Constitution.
>
> Giving <u>Miller</u> retroactive effect, moreover, does not require States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole.  A State may remedy a <u>Miller</u> violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them.  <u>See, e.g.</u>, Wyo. Stat. Ann. § 6-10-301(c) (2013) (juvenile homicide offenders eligible for parole after 25 years).  Allowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity -- and who have since matured -- will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment.
>
> Extending parole eligibility to juvenile offenders does not impose an onerous burden on the States, nor does it disturb the finality of state convictions.  Those prisoners who have shown an inability to reform will continue to serve life sentences.  The opportunity for release will be afforded to those who demonstrate the truth of <u>Miller</u>'s central intuition -- that children who commit even heinous crimes are capable of change.

<u>Montgomery v. Louisiana</u>, 136 S. Ct. 718, 736 (2016).

Based on the record and the law, the undersigned finds the following conclusions inescapable:

---

[8] Rec. Doc. 28.
[9] Rec. Doc. 30.
[10] Rec. Doc. 32.

1.      Petitioner was sixteen years old when the crime at issue was committed,[11] and the state courts imposed as the sentence for that crime a *mandatory* term of life imprisonment without benefit of parole.

2.      Petitioner's sentence is therefore unconstitutional under <u>Miller</u>.

3.      The state courts denied petitioner relief under <u>Miller</u> based on a conclusion that <u>Miller</u> has no retroactive effect to cases on collateral review.

4.      That conclusion is directly contrary to the United States Supreme Court's holding in <u>Montgomery</u>.

5.      Therefore, petitioner is entitled to federal habeas corpus relief.

Accordingly, the Court must next determine what relief is appropriate.  <u>Miller</u> does not forbid a juvenile offender from being sentenced to a term of life imprisonment without parole; rather, it forbids only the imposition of that punishment without an individualized sentencing determination.  Accordingly, the undersigned finds that petitioner is entitled to be resentenced in conformity with <u>Miller</u> and that the state courts, in the first instance, are entitled to determine the appropriate sentence.  <u>Cf</u>. <u>Hills v. Cain</u>, Civ. Action No. 11-0490, 2012 WL 3524759, at *3 (M.D. La. July 5, 2012) (making an analogous finding with respect to a sentence determined to be unconstitutional under <u>Graham v. Florida</u>, 560 U.S. 48 (2010)), <u>adopted</u>, 2012 WL 3524756 (M.D. La. Aug. 15, 2012).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the petitioner's application for habeas corpus relief be **GRANTED**, that his sentence of life imprisonment without the benefit of probation, parole or

---

[11] Rec. Doc. 1-1, p. 2.

suspension of sentence be **VACATED**, and that the state district court be **ORDERED** to resentence petitioner in conformity with <u>Miller v. Alabama</u>, 132 S. Ct. 2455 (2012), within ninety (90) days or, in the alternative, to release him from confinement.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[12]

New Orleans, Louisiana, this seventeenth day of March, 2016.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[12] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.