**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**GEORGE GILLAM**                                    **CIVIL ACTION**

**VERSUS**                                                   **NO. 14-2129**

**N. BURL CAIN, WARDEN**                         **SECTION "G"(3)**

## ORDER AND REASONS

Before the Court is the State's objections to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[1] Petitioner George Gillam ("Petitioner"), a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] On March 17, 2016, the Magistrate Judge recommended that the Court grant the petition.[3] The State objects to the Magistrate's recommendation.[4] After reviewing the petition, the Magistrate Judge's Report and Recommendation, the State's objections, the record, and the applicable law, the Court will overrule the State's objections, adopt the Magistrate Judge's Report and Recommendation, and grant the habeas petition.

---

[1] Rec. Doc. 36.

[2] Rec. Doc. 1.

[3] Rec. Doc. 35.

[4] Rec. Doc. 36.

# I. Background

## A.       Factual Background

On November 6, 1997, Petitioner, who was 16 years old at the time the crime was committed, was convicted of second degree murder under Louisiana law in Orleans Parish Criminal District Court.[5] On January 29, 1998, the state trial court sentenced Petitioner to life imprisonment without benefit of parole, probation, or suspension of sentence.[6] On December 15, 1999, the Louisiana First Circuit Court of Appeal affirmed Petitioner's conviction and sentence.[7] On September 29, 2000, the Louisiana Supreme Court denied Petitioner's related writ application.[8]

On June 25, 2012, in *Miller v. Alabama*, the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'"[9] On February 5, 2013, Petitioner filed a motion to correct his sentence in the state trial court, arguing that his sentence was unconstitutional under *Miller*.[10] The state trial court granted the motion in part and denied it in part, holding that *Miller* applied retroactively, but that the sentence was not unconstitutional.[11] The Louisiana Fourth Circuit Court of Appeal denied Petitioner's related writ application.[12] On

---

[5] Rec. Doc. 1-1 at 13.

[6] *Id.*

[7] *State v. Gillam*, 98-KA-1320 (La. App. 4 Cir. 12/15/99); 748 So.2d 622.

[8] *State v. Gillam*, 2000-K-493 (La. 9/29/00); 769 So.2d 1215.

[9] 132 S. Ct. 2455, 2460 (2012).

[10] Rec. Doc. 1-1 at 18.

[11] *Id.*

[12] *State v. Gillam*, 13-K-0517 (La. App. 4 Cir. 6/26/2013).

June 14, 2014, the Louisiana Supreme Court granted the State's related writ application, holding that *Miller* does not apply retroactively to Petitioner's case.[13]

On September 17, 2014, Petitioner filed his federal petition.[14] The State filed a motion to dismiss the petition, arguing that *Miller* is not retroactive to cases on collateral review.[15] Petitioner opposed the motion,[16] and the Magistrate Judge conducted oral argument on November 5, 2014.[17] Following oral argument, Petitioner filed an unopposed motion to stay the proceedings pending the United States Supreme Court's decision in *Montgomery v. Louisiana*.[18] The Magistrate Judge granted the motion, and the case was stayed.[19] On January 25, 2016, the United States Supreme Court decided *Montgomery v. Louisiana*, holding that *Miller* applies retroactively to cases on collateral review.[20] On March 1, 2016, the Magistrate Judge reopened the case.[21]

**B.      *Report and Recommendation Findings***

On March 17, 2016, the Magistrate issued a Report and Recommendation, recommending that this Court grant the petition.[22] The Magistrate noted that Petitioner was sixteen years old when the crime at issue was committed, and the state courts imposed a mandatory life sentence without

---

[13] *State v. Gillam*, 13-OK-946 (La. 6/20/14); 141 So.3d 265.

[14] Rec. Doc. 1.

[15] Rec. Doc. 9.

[16] Rec. Doc. 18.

[17] Rec. Doc. 23.

[18] Rec. Doc. 28.

[19] Rec. Doc. 30.

[20] 136 S. Ct. 718, 732 (2016).

[21] Rec. Doc. 33.

[22] Rec. Doc. 35.

the benefit of parole.[23] Therefore, the Magistrate found that Petitioner's conviction was unconstitutional under *Miller*.[24] Because the state courts denied relief under *Miller* based on a conclusion that it was not retroactive to cases on collateral review, a conclusion that was later directly contradicted by the United States Supreme Court in *Montgomery*, the Magistrate found that Petitioner is entitled to federal habeas corpus relief.[25]

The Magistrate noted that *Miller* does not forbid a juvenile from being sentenced to a term of life imprisonment without parole, but forbids the imposition of such a punishment without an individualized sentencing determination.[26] Accordingly, the Magistrate found that Petitioner was entitled to be resentenced in conformity with *Miller*, and that the state courts were entitled to determine the appropriate sentence.[27] Therefore, the Magistrate recommended that the sentence be vacated and that the state trial court be ordered to resentence Petitioner in conformity with *Miller* within 90 days or, in the alternative, release him from confinement.[28]

## II. Objections

### A.    *The State's Objection*

The State objects to the Magistrate Judge's Report and Recommendation.[29] The State submits that an order vacating Petitioner's sentence and ordering him to be resentenced would be

---

[23] *Id.* at 4.

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.*

[28] *Id.* at 5.

[29] Rec. Doc. 36.

premature.[30] The State asserts that the principle of comity requires that it be afforded an opportunity to act independently in considering Petitioner's claim in light of the Supreme Court's decision in *Montgomery v. Louisiana*.[31] Further, the State notes that the *Montgomery* Court affirmed that a state may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole rather than resentencing them.[32] Accordingly, the State asserts that *Montgomery* "took care to avoid needlessly burdening state courts or disturbing their judgments[,] . . . recogniz[ing] that states are partners, not subordinates, in implementing federal constitutional law."[33] "Unless and until Louisiana fails to afford relief under *Montgomery* despite fair opportunity to do so, [the State asserts that] federal intervention is unwarranted."[34] Therefore, the State contends that the petition should be dismissed without prejudice.[35] Alternatively, the State would not oppose a motion to stay the proceedings while Petitioner returns to state court to exhaust his claim.[36]

### B.   *Petitioner's Opposition*

Petitioner opposes the State's objections.[37] He asserts that the State "incorrectly confuses the issue of the petitioner's entitlement to relief . . . with the issue of the relief to which he is

---

[30] *Id.* at 1.

[31] *Id.* at 1–3 (citing 17B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4264.4 (3d ed. 2015); *Bell v. Lewis*, 462 F. App'x 692, 693 (9th Cir. 2011); *Gomez v. Dretke*, 422 F.3d 264, 266 (5th Cir. 2005)).

[32] *Id.* at 3 (citing *Montgomery*, 136 S. Ct. at 736).

[33] *Id.* at 4.

[34] *Id.* at 4–5.

[35] *Id.* at 5.

[36] *Id.*

[37] Rec. Doc. 37.

potentially entitled."[38] He contends that the principle of comity is inapplicable here because the intervening Supreme Court decision addressed his claim "squarely and unequivocally, and there is no reasonable alternative relief that the state court *might be induced* to give."[39] Petitioner notes that another section of this Court has held that a petitioner was entitled to federal habeas relief after unsuccessfully seeking relief under *Miller*.[40] He asserts that sending his "claim back to state court does not further principles of comity because the state court has no discretion,"[41] and requiring that Petitioner return to state court would compel him "to undertake an unreasonably repetitive and unnecessary action . . . in order to obtain the relief to which even the State concedes he is entitled."[42] Accordingly, because the substance of his claim was presented to the state courts, Petitioner asserts that his claim is exhausted and he is entitled to federal habeas relief.[43] Finally, Petitioner asserts that the Report and Recommendation adheres to the principles of comity because the state court may exercise its discretion in resentencing him.[44]

## C.    *The State's Supplemental Objection*

On April 25, 2016, with leave of Court, the State filed a supplemental briefing in further support of its objection to the Magistrate Judge's Report and Recommendation.[45] In its

---

[38] *Id.* at 1–2 (quoting *Hills v. Cain*, 11-490, 2012 WL 3524756 (M.D. La. Aug. 15, 2012) (Brady, J)).

[39] *Id.* at 3.

[40] *Id.* (citing *Funchess v. Prince*, 14-2105, 2016 WL 756530, at *3 (E.D. La. Feb. 25, 2016) (Milazzo, J.)).

[41] *Id.* at 4.

[42] *Id.* (citing *Hills v. Cain*, 11-490, 2012 WL 3524756 (M.D. La. Aug. 15, 2012) (Brady, J.)).

[43] *Id.*

[44] *Id.* at 4–5.

[45] Rec. Doc. 41.

supplemental brief, the State cites the recent decision in *Spiller v. MacLaren*, a district court case from the Southern District of Michigan, to support its assertion that the petition should be dismissed without prejudice because Petitioner failed to exhaust his claim in the state courts following the Supreme Court's decision in *Montgomery v. Louisiana*.[46]

On May 7, 2016, with leave of Court, the State filed a second supplemental memorandum in support of its objections to the Report and Recommendation arguing that the Louisiana legislature may soon act on the pending legislation to make juvenile offenders parole eligible.[47]

### III. Standard of Review

*A.      Review of the Magistrate Judge's Report and Recommendation*

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter.[48] A district judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[49] A district court's review is limited to plain error for parts of the report which are not properly objected to.[50]

---

[46] *Id.* (citing No. 16-cv-11269, 2016 WL 1583840 (E.D. Mich. Apr. 20, 2016)).

[47] Rec. Doc. 44.

[48] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[49] Fed. R. Civ. P. 72(b)(3).

[50] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

**B.**     *Standard of Review Under the AEDPA*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the power of federal courts to grant writs of habeas corpus in cases where a state court has adjudicated the petitioner's claim on the merits.[51]

Under 28 U.S.C. § 2254(d)(1), a federal court must defer to the state court's decision as to questions of law and mixed questions of law and fact unless it "was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court." The Supreme Court has made a distinction between the application of the "contrary to" and "unreasonable application" clauses.[52] A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule in a way that is inconsistent with governing law and Supreme Court precedent on identical facts; a federal habeas court may issue the writ under the "unreasonable application" clause if the state court unreasonably applies the governing law to the facts of the case.[53]

Under 28 U.S.C. § 2254(d)(2), factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[54]

---

[51] *See Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

[52] *See Bell v. Cone*, 535 U.S. 685, 694 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 403–04 (2000)).

[53] *Id.*

[54] 28 U.S.C. § 2254(d)(2*); see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

### IV. Law and Analysis

On June 25, 2012, in *Miller v. Alabama*, the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'"[55] On February 5, 2013, Petitioner filed a motion to correct his sentence in the state trial court, arguing that his sentence was unconstitutional under *Miller*.[56] The state trial court granted the motion in part and denied it in part, holding that *Miller* applied retroactively but that the sentence was not unconstitutional.[57] The Louisiana Fourth Circuit Court of Appeal denied Petitioner's related writ application.[58] On June 14, 2014, the Louisiana Supreme Court granted the State's related writ application, holding that *Miller* does not apply retroactively to Petitioner's case.[59] Accordingly, the last state court to decide the issue found that *Miller* did not apply retroactively to cases on collateral review. Following the Louisiana Supreme Court's decision in this case, the United States Supreme Court decided *Montgomery v. Louisiana*, holding that *Miller* applies retroactively to cases on collateral review.[60] Because *Montgomery* was decided after the Louisiana Supreme Court decided this case, the State contends that the claim is not exhausted and the principle of comity requires that this Court allow the state courts to decide the issue in light of *Montgomery*.

"A fundamental prerequisite for federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief."[61] The Fifth Circuit has recognized

---

[55] 132 S. Ct. 2455, 2460 (2012).

[56] Rec. Doc. 1-1 at 18.

[57] *Id.*

[58] *State v. Gillam*, 13-K-0517 (La. App. 4 Cir. 6/26/2013).

[59] *State v. Gillam*, 13-OK-946 (La. 6/20/14); 141 So.3d 265.

[60] 136 S. Ct. 718, 732 (2016).

[61] *Whitehead v. Johnson*, 157 F.3d 384, 397 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519–20

that "habeas corpus jurisprudence consistently underscores the central importance of comity, of cooperation and of rapport between the parallel systems of state and federal courts."[62] "These concerns animate [the court's] strict adherence to the doctrine of exhaustion—i.e., the notion that federal courts will not consider a claim on habeas review if it has not been considered and finally rejected by the state courts."[63]

Examining this issue, Wright and Miller explain:

> If a prisoner has exhausted his state remedy unsuccessfully, but there is an intervening Supreme Court decision that might induce the state courts to give relief, the prisoner will be required to apply again for relief from the state courts so that they may have the first opportunity to apply the new Supreme Court decision. The only occasion in which the prisoner should not be returned to the state forum is when it is apparent that the state courts will not give him relief, either because they have already held that the intervening Supreme Court decision is not to be applied retroactively or because of some state procedural doctrine that will preclude the prisoner from relying on the new decision.[64]

In *Gomez v. Dretke*, the Fifth Circuit recognized that, although the petitioner had arguably exhausted his claim in state court, a subsequent decision of the International Court of Justice and a Presidential directive, counseled in favor of the petitioner returning to state court to pursue relief.[65] The Fifth Circuit noted that "the Supreme Court has intimated that perhaps an 'intervening change in federal law casting a legal issue in a fundamentally different light' might make necessary the re-exhaustion of state court remedies before seeking federal review."[66] Accordingly, the Fifth

---

(1982)).

[62] *Gomez v. Dretke*, 422 F.3d 264, 266 (5th Cir. 2005) (internal citations and quotation marks omitted).

[63] *Id.*

[64] 17B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4264.4 (3d ed. 2015).

[65] *Id.*

[66] *Id.* (citing *Picard v. Connor*, 404 U.S. 270, 276 (1971)).

Circuit granted the petitioner's motion to stay the federal proceedings pending resolution of his state habeas corpus proceedings.[67] However, *Gomez* is distinguishable from the instant case because there the petitioner requested a stay of his federal proceedings to return to state court, whereas here Petitioner asserts that he has exhausted his state remedies and the Court should not require him to return to state court.[68]

The State also relies on *Spiller v. MacLaren*, an Eastern District of Michigan case, where the district court dismissed a habeas petition without prejudice finding that the Petitioner failed to show that he properly exhausted state court remedies under *Miller* and *Montgomery*.[69] However, a review of the record in *Spiller* indicates that the petitioner only raised the issue of the application of *Miller* in the state trial court, and not before the Michigan appellate courts.[70] Here, Petitioner raised his claim that his mandatory life-without-parole sentence was unconstitutional under *Miller* before the Louisiana Supreme Court. Therefore, the Court finds this case differs from *Spiller*.

The Louisiana Supreme Court decided the case prior to the United States Supreme Court's decision in *Montgomery v. Alabama*, which held that *Miller* applies retroactively to cases on collateral review. Petitioner presented this exact argument to the Louisiana Supreme Court, and it rejected his claim holding that *Miller* did not apply retroactively. The state courts were given an

---

[67] *Id.* at 268.

[68] In *Funchess v. Prince*, a case decide by another section of the Eastern District of Louisiana, the petitioner was sentenced to life imprisonment as a juvenile. 14-2105, 2016 WL 756530, at *1 (E.D. La. Feb. 25, 2016) (Milazzo, J.). Following the Supreme Court's decision in *Miller v. Alabama*, the petitioner filed a motion to correct his sentence in state court. *Id.* After the state courts denied relief, the petitioner filed a federal habeas petition. *Id.* In the federal proceedings, the State admitted that the petitioner had exhausted his state court remedies, and the district court found no reason to hold otherwise. *Id.* at 3. Therefore, the district court granted a writ of habeas corpus. *Funchess v. Prince*, 14-2105 (E.D. La. Apr. 5, 2016).

[69] 16-11269, 2016 WL 1583840 (E.D. Mich. Apr. 20, 2016).

[70] 16-11269 (E.D. Mich.) (Rec. Doc. 1 at 5).

opportunity to consider and apply the Supreme Court's decision in *Miller*. The Supreme Court's decision in *Montgomery* merely removed any doubt that *Miller* must be applied retroactively to cases on collateral review. Accordingly, the Court finds that Petitioner exhausted his state court remedies as *Montgomery* was not an intervening change in federal law, but merely a clarification that *Miller* should apply retroactively.

Petitioner argues that the Court should grant the habeas petition because it is clear that he is entitled to relief. Petitioner relies on *Hills v. Cain*, a Middle District of Louisiana case.[71] There, the petitioner was sentenced to life imprisonment without the possibility of parole for aggravated rape, a crime he committed when he was 16 years old.[72] Following the Supreme Court's decision in *Graham v. Florida*, which held that the Eighth Amendment prohibits imposition of a life without parole sentence on juvenile offenders who did not commit homicide, the petitioner sought review in state court.[73] The petitioner argued that he should be resentenced to a term of 20 years imprisonment, the sentence for the next lesser included offense of attempted aggravated rape.[74] Following the state court's denial of relief, the petitioner sought federal habeas corpus relief.[75] The State argued that the petitioner should be required to return to state court because an intervening Louisiana Supreme Court decision held that a sentence of 20 years imprisonment for juvenile offenders convicted of aggravated rape was inappropriate and that juvenile offenders should

---

[71] *Hills v. Cain*, 11-490, 2012 WL 3524759 (M.D. La. Jul. 5, 2012) (Dalby, MJ), *adopted* 2012 WL 354756 (M.D. La. Aug. 15, 2012) (Brady, J.).

[72] *Id.* at *1.

[73] *Id.* (citing 560 U.S. 48 (2010)).

[74] *Id.*

[75] *Id.*

instead be resentenced to life imprisonment with the possibility of parole.[76] The Magistrate Judge, in an opinion that was later adopted by the district court, found that the State "incorrectly confuse[d] the issue of the petitioner's entitlement to relief, i.e., his entitlement to have the unconstitutional sentence vacated, with the issue of the relief to which he [was] potentially entitled, i.e., the sentence which the state court may impose upon remand."[77] Accordingly, the court determined that it was appropriate to grant habeas corpus relief because the petitioner had squarely presented the *Graham* issue to the state courts, and the state courts improperly denied the petitioner relief.[78]

Here, the State does not dispute that Petitioner is entitled to relief in that his sentence is unconstitutional. However, the State has indicated that it could make Petitioner parole-eligible rather than resentencing him. In *Montgomery*, the Supreme Court noted that giving *Miller* retroactive effect does not require that states relitigate sentences as "[a] State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them."[79] In *Montgomery*, the Supreme Court cited with approval a Wyoming statute making juvenile homicide offenders eligible for parole after 25 years.[80] Therefore, while it is clear that Petitioner is entitled to relief, the State asserts that it could choose to provide him with some alternative relief rather than resentencing him. The Court is not persuaded by this argument because, while the state legislature has introduced bills to make juvenile offenders parole eligible,

---

[76] *Id.* at *3 (citing *State v. Shaffer*, 77 So.3d 939 (La. 2011)).

[77] *Id.*

[78] *Id.*

[79] 136 S. Ct. at 736.

[80] *Id.* (citing Wyo. Stat. Ann. § 6–10–301(c) (2013)).

those bills have not yet become law.[81] Accordingly, this is not a remedy currently available to Petitioner.

The Court further finds that equity and judicial economy support granting the petition. Requiring Petitioner to return to state court to reassert the same arguments he previously made would create an unnecessary procedural obstacle. The case has been pending since September 2014, and the State does not dispute that Petitioner is entitled to relief from his unconstitutional sentence. The issue here is not Petitioner's entitlement to relief—i.e., his entitlement to have his unconstitutional sentence vacated—but instead the issue is the relief to which he is potentially entitled—i.e., the sentence which the state court may impose upon remand. Granting Petitioner's habeas petition does not deprive the state court of its right to determine the relief to which Petitioner is entitled. Accordingly, the Court overrules the State's objection and grants Petitioner's application for habeas corpus relief.

---

[81] HB 264, HB 554, SB 127, and SB 278 are available on the Legislature's website, and may be accessed using the "Bill Search" function for the 2016 Regular Session at http://www.legis.la.gov/Legis/BillSearch.aspx?sid=16RS.

## V. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that the State's objections are **OVERRULED;**

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation;

**IT IS FURTHER ORDERED** that Petitioner George Gillam's application for habeas corpus relief is **GRANTED**, that his sentence of life imprisonment without benefit of probation, parole or suspension of sentence is **VACATED**, and that the state trial court is **ORDERED** to resentence Petitioner in conformity with *Miller v. Alabama*, 132 S.Ct. 2455 (2012), within ninety (90) days or, in the alternative, to release him from confinement.

**NEW ORLEANS, LOUISIANA,** this 31st day of May, 2016.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**